## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**TRACEY R. LINDSEY**                                                                     **PLAINTIFF**

**v.**                                                                                        **NO.: 1:21-cv-82-JMV**

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security**                               **DEFENDANT**

### FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a November 10, 2020, final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

### Law & Analysis

**I. Plaintiff Failed to Satisfy Her Step Three Burden of Establishing that She Has an Impairment that Meets Listing 12.04.**

Both Fifth Circuit case law and the regulations recognize that at Step Three of the evaluation process the burden remains on Plaintiff to establish that her impairment meets or equals a Listing, not upon the Commissioner to prove that Plaintiff's impairment does not satisfy a listing.

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

*See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Plaintiff relies on Dr. Jones's opinion to argue that she has an impairment that would meet the paragraph B criteria of Listing 12.04. Pl. Br. at 5-6. But Plaintiff fails to cite objective medical evidence showing that her conditions satisfy all the requirements of Listing 12.04. Pl. Br. at 27-28; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (claimant must manifest all the specified criteria of a particular listing to qualify for disability under that listing). To find Plaintiff disabled under Listing 12.04, the paragraph A criteria of that listing must also be satisfied. 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00A2(a), 12.04 (effective March 14, 2018, to April 1, 2021).

Plaintiff points to no medical documentation showing that the criteria in either paragraph A1 or A2 are satisfied. *See* Pl. Br. at 3-7. The Fifth Circuit notes that remand is not required unless the claimant establishes that the ALJ erred at Step Three, and this error affected the claimant's substantial rights. *See Audler v. Astrue*, 501 F.3d 446, 448-49 (5th Cir. 2007). Plaintiff did not satisfy the standard for remand established in *Audler*. *See id.*

II.     **Substantial Evidence Supports the ALJ's Evaluation of Dr. Thomas's Opinion.**

On this issue the Plaintiff argues, without citing any record evidence and in entirely conclusory fashion, that the ALJ's assessment of this medical opinion as persuasive fails to consider the supportability factor as required by the regulation, and the ALJ fails to properly account for Dr. Thomas' finding of a questionable ability to sustain attention in his RFC.

The Commissioner, on the other hand, cites to substantial record evidence to support the opinion of Dr. Thomas such as exams at Mantachie Rural Health Care between October 2019 and August 2020, which showed good attention, normal speech, average intelligence, good impulse control, intact thought process, unremarkable thought content, pleasant and cooperative

interaction, and fair to good insight and judgment despite an anxious/depressed mood. Tr. 21, 25-26, 896-929. And, the state agency psychological consultant, Dr. Jesse F. Dees, assessed no more than "moderate limitations in overall psychological functioning," and determined that Plaintiff could understand, remember, and carry out simple instructions and complete a normal 40-hour work week without excessive interruptions from psychological symptoms. *Id.* at 26, 184-87, 197-200.

According to the relevant regulations, assessing "supportability" involves considering whether Dr. Thomas presented relevant objective evidence to support his opinion. 20 C.F.R. §§ 404.1520c(1), 416.920c(1). The ALJ properly considered the supportability of Dr. Thomas' opinion. The ALJ found that Dr. Thomas's opinion was "internally consistent" with his own exam findings. Tr. 26. The ALJ's use of the phrase "internally consistent" indicates that the ALJ considered whether Dr. Thomas' own objective exam supported his opinion in accordance with the regulations. Tr. 26; 20 C.F.R. §§ 404.1520c(1), 416.920c(1) (supportability involves comparing the medical source's opinion with the medical source's own objective evidence). The ALJ also pointed out that Dr. Thomas' exam showed a "slight delay in word recall," and Plaintiff recited only "3 of 5 digits backwards," which support Dr. Thomas' opinion that Plaintiff had a "questionable" ability to sustain attention. Tr. 25-26, 554-55. Then, the ALJ sufficiently accounted for this opinion by limiting Plaintiff to a "quiet work environment" where she would be required to perform only unskilled work involving "simple, routine tasks." Tr. 22, 26, 28. And, "few, if any, changes in the work setting" and only occasional interaction with supervisors, coworkers, and the public. Tr. 22, 26. As the Commissioner notes, considering that the ALJ pointed out that Dr. Thomas' exam showed adequate remote memory and abstract thinking, and the ability to solve verbal problems, the RFC limitations for a quiet environment, only simple and routine tasks, few

(if any) changes in the work setting, and only occasional interaction with others adequately account for Dr. Thomas' opinion regarding Plaintiff's "questionable" ability to sustain attention. Tr. 22, 25-26, 28. As such, the ALJ's decision in this regard is supported by substantial evidence.

### III. The ALJ Did Not Err in His Assessment of Ruben Barry Jones, M.D.

Here, the Plaintiff argues that the ALJ failed to consider the factors of consistency and supportability in his analysis of the opinion of Dr. Jones, family practitioner, as he is explicitly required to do by the regulation. But again, the Plaintiff merely asserts this in conclusory fashion, while the Commissioner points out that the relevant regulations explain that assessing persuasiveness using the "consistency" factor involves considering whether the medical source's opinion is consistent with evidence from "other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(2), 416.920c(20). And, in this regard, the ALJ emphasized the "limited mental health record" or "little formal mental health treatment" of Plaintiff and Plaintiff reporting "no history of mental illness" and seeking treatment from a mental health specialist for a mood disturbance on only one occasion before her May 2019 alleged onset date, which is inconsistent with Dr. Jones's opinion that Plaintiff was "severely limited" or "had no useful ability to function" in work-related mental activities.

The ALJ also noted that Dr. Thomas found that Plaintiff reported "independence" in activities of daily living, including her ability to drive, keep appointments, manage/handle money, and take medication as prescribed, which is inconsistent with Dr. Jones's opinion that Plaintiff "cannot make decisions," or she had "no useful ability to" make judgments on simple work-related decisions. Tr. 21, 26, 554-55, 573. Dr. Jones's opinion regarding Plaintiff's ability to interact with others is also inconsistent with Dr. Thomas's opinion that Plaintiff had an "adequate" ability to interact with others, and the ALJ pointed out that Dr. Jones' opinion was inconsistent with the

evidence showing Plaintiff's condition improved with medication. Dr. Jones' opinion was also inconsistent with mental status exam findings in the record. Tr. 26, 525, 643. A July 2018 mental status exam at North Mississippi Medical Center ("NMMC") showed normal speech, fair judgment, realistic insight, appropriate affect, and logical and goal-directed thought content, which is inconsistent with Dr. Jones's opinion that Plaintiff had "no useful ability" to make judgments on simple work-related decisions or understand, remember, and carry out short, simple instructions. Tr. 26, 525, 573. The ALJ emphasized that Dr. William Russell Edmonson's May 2019 "mini-mental" status exam showed a normal mood and affect. Tr. 25-26, 487-89, 495. An October 2019 mental status exam at NMMC again showed normal speech, fair insight and judgment, appropriate affect, and logical and goal-directed thought content. Tr. 25-26, 525, 573, 643, 650-51.

Regarding supportability, the relevant regulations explain that assessing persuasiveness using this factor involves considering whether the medical source presented relevant objective evidence and supporting explanations to support his opinion. 20 C.F.R. §§ 404.1520c(1), 416.920c(1). Dr. Jones provided his opinion primarily by marking the three-page Medical Source Statement with "Xs," without providing any supporting evidence or explanation for his opinion. Tr. 573-75. The form specifically asked for the "medical/clinical findings" supporting Dr. Jones' opinion, but Dr. Jones did not provide any. Tr. 573-74.

Also, as the Commissioner points out, most of Dr. Jones' progress notes in the record precede Plaintiff's May 2019 alleged onset date. Tr. 25-26, 579-630. And Dr. Jones' four pages of progress notes during the relevant period following Plaintiff's alleged onset date do not contain objective evidence, such as mental status exams, that "corroborate" his opinion, nor do these progress notes include a supporting explanation for Dr. Jones' opinion that Plaintiff had marked

or extreme work-related mental limitations. Tr. 25-26, 577-78, 813-14; Pl. Br. at 5. Dr. Jones' August 2018 mental status exam, the closest in time to Plaintiff's May 2019 alleged onset date, shows intact insight and judgment despite a depressed mood, which does not support Dr. Jones' opinion, particularly his opinion that Plaintiff could not make decisions, and she had an extreme limitation ("no useful ability to function") in making judgments on simple work-related decisions. Tr. 26, 573, 593. In short, the ALJ properly found that Dr. Jones' unsupported opinion was not persuasive. This finding is supported by substantial evidence.

## Conclusion

For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 12th day of April, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**